# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2318

_____

| | |
|---|---|
| Laura J. Brassard, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Nebraska |
| The Dalkon Shield Claimants Trust, | * |
| | * [UNPUBLISHED] |
| Appellee. | * |

_____

Submitted: March 2, 1999

Filed: March 23, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Laura Brassard appeals from the final judgment in favor of the Dalkon Shield Claimants Trust (defendant) entered in the District Court[1] for the District of Nebraska. For reversal, Brassard argues the district court erred in granting summary judgment for defendant because there was a genuine issue of material fact in dispute and the doctrine of equitable estoppel precluded defendant from using the statute of

_____

[1] The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

limitations as a defense. For the reasons discussed below, we affirm the judgment of the district court.

In February 1997, Brassard filed this action against defendant, alleging damages based upon her use of the Dalkon Shield intrauterine device (Dalkon Shield IUD), and asserting the following. In June 1971, Brassard's physician implanted a Dalkon Shield IUD within her. By July, Brassard experienced problems with urination, and eventually developed vaginal discharge (found to contain bacteria), low-grade fevers, fatigue, and excessive and prolonged menstrual bleeding. In December 1975 or January 1976, her doctor removed the Dalkon Shield IUD. Brassard specifically recalled in her deposition that when the doctor removed the IUD, he showed it to her and used the phrase, "here is the culprit!" After the removal, Brassard suffered from low-grade infections, dyspareunia, constant fatigue, odorous vaginal discharge, abnormal menstruation, uterine bleeding, and blood clots. In May 1979, she underwent a surgical procedure to remove her infected left fallopian tube. Brassard claimed that A.H. Robins & Co.--the former distributor of the Dalkon Shield IUD--prevented the users of the Dalkon Shield IUD from discovering it was defective, and she contended that defendant should be estopped from asserting the statute of limitations as a defense.

The district court granted defendant's motion for summary judgment. The district court found Brassard knew of her injuries and their cause in 1975 or 1976, and concluded she had failed to file her lawsuit within the statutory limitations period. The district court also concluded the doctrine of equitable estoppel did not apply, because there was no evidence that defendant attempted to hinder Brassard from filing her claim, that Brassard inquired to defendant about the IUD, that defendant concealed information or misrepresented facts to her, or that she relied upon any such information to her detriment.

We review the district court's grant of summary judgment de novo. See Fast v. Southern Union Co., 149 F.3d 885, 887, 889 (8th Cir. 1998). Under Nebraska law, the applicable limitations period for Brassard's action is four years, see Neb. Rev. Stat. § 25-224(1) (1995), and this statute of limitations "begins to run on the date on which the party holding the cause of action discovers, or in the exercise of reasonable diligence should have discovered, the existence of the injury or damage," Condon v. A.H. Robins Co., 349 N.W.2d 622, 627 (Neb. 1984). The limitations period begins to run although potential plaintiffs have not been advised "either that the injury or damage which they already know they have sustained is actionable or . . . who it is that should be sued." Id. (discovery "refers to the fact that one knows of the existence of an injury or damage and not that one knows he or she has a legal right to seek redress in the courts").

Brassard alleged that she suffered from infections, bleeding, vaginal discharge, weakness, fever, and fatigue after the Dalkon Shield IUD was inserted, and her testimony reveals that upon its removal, her doctor said it had been the "culprit" causing all her problems. We agree with the district court that Brassard knew of her injuries and their cause in 1975 or 1976, the statute of limitations had run by the time she filed her suit in 1997, and her claim was thus barred. We also agree with the district court that the doctrine of equitable estoppel does not apply to this case. See Reifschneider v. Nebraska Methodist Hosp., 447 N.W.2d 622, 627 (Neb. 1989) (elements of equitable estoppel); Klosure v. Johnson Grant & Co., 427 N.W.2d 44, 48 (Neb. 1988); cf. Curry v. A.H. Robins Co., 775 F.2d 212, 217-18 (7th Cir. 1985) (defendant's mere silence and failure to publish liability and plaintiff's failure to learn of cause do not constitute fraudulent concealment; even if plaintiff initially relied upon affirmative misrepresentations that Dalkon Shield was safe, she could not reasonably have been misled after recognizing relationship between product and her injuries); Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 884 n.4 (9th Cir. 1983) (where only evidence of attempt to hide product defect was allegations that defendants never recommended women stop using Dalkon Shield and that corporate

officers stated device was safe, plaintiff had not been hindered from filing complaint and evidence fell "far short" of fraudulent concealment).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.